# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE F. MCCLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>A. VILLEGAS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-01960-SKO (PC)<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.  Screening Requirement and Standard**

Plaintiff Lawrence F. McClure, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.  Discussion**

    **A.  Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at California Training Facility in Soledad, California, brings this action against Correctional Officer A. Villegas, the Warden of Avenal State Prison, and the Governor. Based on the nature of Plaintiff's allegations, his claim for damages arises under the Eighth Amendment of the United States Constitution.

Plaintiff alleges that on June 12, 2013, while he was incarcerated at Avenal State Prison, Dr. Duenas issued him a lower bunk chrono based on his back spasms. That evening, Defendant Villegas confiscated the chrono based on his opinion that it was a fake.

On June 13, 2013, Plaintiff fell to the floor while trying to ascend to the upper bunk and injured his back, elbow, and head. When the emergency response team arrived, Defendant Villegas told them it was not an emergency, Plaintiff was not injured, and Plaintiff had been

caught in a lie trying to pass a fake chrono. Plaintiff alleges that Defendant Villegas's comments caused the emergency response team to treat him differently.

Plaintiff was taken to the facility's hospital, and Dr. Duenas, his primary care doctor, was there. Plaintiff told Dr. Duenas that his chrono had been confiscated because Defendant Villegas believed it was a fake, and Dr. Duenas confirmed to officers and medical staff that she had issued the chrono to Plaintiff while she awaited test results regarding the cause of Plaintiff's back spasms.

Plaintiff alleges that he still suffers from back pain and he has difficulty rotating his arm in certain positions.

### B.  Claim Against Defendant Villegas

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's allegations do not support a claim against Defendant Villegas for violation of the Eighth Amendment. While Defendant Villegas was incorrect that Plaintiff's faked his chrono and was faking injury from the fall, these events do not demonstrate that Defendant Villegas knowingly disregarded a substantial risk of harm to Plaintiff's health or safety.

### C.  Claims Against the Warden and the Governor

It appears Plaintiff named the Warden and the Governor based purely on their positions of authority. However, liability may not be imposed under section 1983 based on vicarious liability, or *respondeat superior*. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S.*

*Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  A causal connection must exist between the violation at issue and actions or omissions of each named defendant.  *Crowley*, 734 F.3d at 977; *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.  In this case, even assuming Plaintiff is able to amend to state a claim against Defendant Villegas, his complaint presents no basis for liability against the Warden or the Governor.

### D. Failure to Exhaust

Finally, in his complaint, Plaintiff alleges that he filed an inmate appeal grieving his claim but the grievance process was not completed.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Plaintiff is cautioned that the failure to exhaust prior to filing suit will result in dismissal of the case or judgment against him, depending on the procedural posture of the case, and the Court may dismiss the case at the screening stage if Plaintiff's failure to exhaust is clear from the face of his complaint.  *Albino v. Baca*, __ F.3d __, __, No. 10-55702, 2014 WL 1317141, at *4-7 (9th Cir. Apr. 3, 2014) (en banc).

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983 and it appears Plaintiff failed to exhaust his claim prior to filing suit.  In an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint.  *Akhtar*

4

*v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights; liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr v. Baca*, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 21, 2014**                             /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

5