# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE F. MCCLURE, | Case No. 1:13-cv-01960-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| A. VILLEGAS, et al., | (Doc. 9) |
| Defendants. | |

### Second Screening Order

**I.    Procedural History**

Plaintiff Lawrence F. McClure, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2013. On May 21, 2014, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983. On June 16, 2014, Plaintiff filed an amended complaint.

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**III.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at California Training Facility in Soledad, California, brings this action for damages against Correctional Officer A. Villegas for violation of the Eighth Amendment of the United States Constitution.[1] The events at issue occurred at Avenal State Prison.

Plaintiff alleges that on June 12, 2013, Dr. Duenas issued him a lower bunk chrono based on his chronic care issues, including a back injury, kidney problems, and diabetes. That evening,

---

[1] Plaintiff also seeks declaratory relief but that form of relief is subsumed by the damages action. *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

Defendant Villegas confiscated the chrono "and deemed it be to bogus." (Amend. Comp., p. 1.) The next day, Plaintiff fell to the floor while trying to ascend to the upper bunk and injured his back, elbow, and head. Office Wolfe called for an emergency response and when the medical team arrived, Defendant Villegas told them it was not an emergency, Plaintiff was not injured, and Plaintiff had been caught in a lie trying to pass a fake chrono. Plaintiff alleges that Defendant Villegas's comments caused the emergency response team to treat him differently and they forcibly move him, causing him pain.

Plaintiff was taken to the facility's hospital, and Dr. Duenas, his primary care doctor, was there. Plaintiff told Dr. Duenas that his chrono had been confiscated because Defendant Villegas believed it was a fake, and Dr. Duenas confirmed to officers and medical staff that she issued the chrono to Plaintiff for back injuries and other chronic care issues.[2] Plaintiff alleges that he has suffered further deterioration in his back and spine, and he is on an orthopedic surgeon's list for further assessment.

### B.     Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were

---

[2] In his original complaint, Plaintiff alleged that Dr. Duenas issued the chrono pending test results regarding the cause of Plaintiff's back spasms.

deliberately indifferent to a substantial risk of harm to his health or safety.  *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The events described do not give rise to a claim against Defendant Villegas for violation of the Eighth Amendment.  Although Defendant was wrong to conclude that Plaintiff forged his medical chrono and faked injury in the fall, Plaintiff's allegations do not support a claim that Defendant knowingly disregarded a substantial risk of harm to Plaintiff's health or safety, and mere negligence does not suffice under the Eighth Amendment.  *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1081-82 (9th Cir. 2013); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

## IV.     Conclusion and Order

Plaintiff's amended complaint fails to state a claim for violation of the Eighth Amendment.[3]  Plaintiff was previously given leave to amend to cure the deficiencies but he was unable to do so, and based on the nature of the deficiencies, further leave to amend is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983;
2. The Clerk's Office shall enter judgment; and

///
///
///
///

---

[3] Plaintiff also alleges that Defendant has a history of discriminating against African American inmates like Plaintiff, and when his treatment of Plaintiff is "taken into account," his actions clearly fell outside of his job description. (Amend. Comp., p. 3.)  Despite Plaintiff's general assertion of discrimination, he pleads only an Eighth Amendment claim and his specific factual allegations, which are consistent between his original and amended complaint, do not support the existence of any other constitutional claims.  *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

3. The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **February 19, 2015**          **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE